1　Austin P. Nagel, SBN 118247
2　Kirsten Martinez, SBN 310674
　　Bonial & Associates, P.C.
3　3160 Crow Canyon Place, Suite 215
　　San Ramon, California 94583
4　Telephone: (213) 863-6010
5　Fax: (213) 863-6065
　　Austin.Nagel@BonialPC.com
6　Kirsten.Martinez@BonialPC.com

7　Attorney for Secured Creditor,
8　Toyota Motor Credit Corporation

9
　　　　　　　　　　　**UNITED STATES BANKRUPTCY COURT**
10
　　　　　　　**EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**
11

| | |
|---|---|
| In re: | Case No. 21-22987 |
| Robert Mckeague, | Chapter 7 |
| Debtor. | Docket Control No. APN-1 |
| _____ / | **MOTION BY FOR RELIEF FROM AUTOMATIC STAY RE: 2015 TOYOTA HIGHLANDER, (V.I.N. 5TDBKRFH1FS095372) 11 U.S.C. §362(d)(1), AND LOCAL RULE 4001-1, LOCAL RULE 9014-1** |
| | Date: October 17, 2022
Time: 9:00 a.m.
Judge: Fredrick E. Clement
Ctrm: Courtroom 28, 7th Floor
　　　501 I Street
　　　Sacramento, CA |

　　　Toyota Motor Credit Corporation (hereinafter referred to as "Movant") hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause on the grounds that Debtor has defaulted on the obligations secured by the property and Movant's interest in the property is not adequately protected.

　　　The motion is brought pursuant to Local Bankruptcy Rule 4001-1 and 9014-1(f)(1) of the

CAE_MtnMfrCP07　　　　　　　　　　　　　1

Local Rules of Practice for the United States Bankruptcy Court, Eastern District of California and is supported by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the hearing(s) in this matter.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §362. 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. §157(b).

**FACTUAL BACKGROUND**

The factual allegations herein are supported by the concurrently filed declaration of Ariana Canale.

On or about January 21, 2017, Debtor, Robert Mckeague (hereinafter referred to as the "Debtor"), executed a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2015 TOYOTA HIGHLANDER, (V.I.N. 5TDBKRFH1FS095372 ) (hereinafter referred to as the "property"). A true and correct copy of the Contract is attached to the accompanying Exhibit List. As Exhibit A The aforementioned prevailing Contract was duly assigned to Movant and Movant perfected its security interest in the property by recording its lien on the certificate of title to the property. A true and correct copy of the Certificate of Title evidencing Movant's lien in the property is attached to the accompanying Exhibit List as Exhibit B.

Pursuant to the terms of the Contract, Debtor is obligated to pay Movant monthly payments of $559.27 on or before the 16th day of each month. The Contract also provides that Debtor will pay Movant's collection costs, including any reasonable attorneys' fees and court costs.

On August 12, 2021, Debtor filed a petition for relief under Chapter 7. Debtor has defaulted under the Contract and Movant's records reflect that Debtor's account is currently past due for the May 16, 2022 in the amount of $322.19 and the June 16, 2002 installment through and including August 16,

CAE_MtnMfrCP07 2

2022 monthly payments at the rate of $559.27 per month and Debtor will become due for the sum of $559.27 again on September 16, 2022. Based upon information derived from Debtor's schedules, the property has a replacement value to Debtor of $17,094.00. The remaining sums owing under the Contract, including accrued and unpaid charges total $11,735.89. The Debtor's discharge was entered on November 12, 2021 (*See* Dckt #32).

Movant moves the above-captioned Court to terminate the pending automatic stay provisions to allow Movant to repossess the property and to dispose of the same in accordance with applicable non-bankruptcy law and send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C.§362 any and all notice required by State and/or Federal law, regulation or statute.

## LEGAL ARGUMENT

**Movant is entitled to relief from the automatic stay for cause.**

Movant is entitled to relief from stay for cause pursuant to 11 U.S.C. § 362(d)(1) and (d)(2). Debtor is in default under the terms of the Contract, the property is a rapidly depreciating asset, and Movant is not receiving adequate protection for its collateral. This Motion is made on the grounds that the prevailing contractual agreement is in default and that Movant is without adequate protection because the monthly payments due thereunder are delinquent.

Moreover, Secured Creditor further contends that 11 U.S.C. 362(d)(h)(1)(A) provides that the "…stay provided by subsection (a) is terminated with respect to personal property of the estate…and such personal property will no longer be property of the estate if the debtor fails within the applicable. time set by section 521(a)(2)-

    (A) …if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c).

        i) 11 U.S.C. 521(a)(2)(B) sets a deadline of 30 days after the first date set for the

CAE_MtnMfrCP07　　　　　　　　　　　　　　　3

meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, perform his intentions with respect to such property.

    i.) More than 30 days has passed since the Debtor's October 13, 2021 Meeting of Creditors and even though the Debtor signed a Reaffirmation Agreement with Secured Creditor, the Debtor's Motion to Approve Reaffirmation of the Property was denied by the court and the Debtor has not moved to redeem the vehicle under section 722. Rather the Debtor has allowed to his account to fall in default since May 20, 2022.

Secured Creditor contends that due to the aforementioned facts, Movant is entitled to an Order confirming that the Property is no longer property of the debtor's bankruptcy estate and therefore has relief from the automatic stay that will enable it (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to repossess and sell the property

**CONCLUSION**

WHEREFORE, Movant respectfully prays that this Court:

1. Issue an order granting relief from the automatic stay authorizing Movant to repossess and dispose of the property in accordance with applicable non-bankruptcy law;

2. Terminate the pending automatic stay provisions to allow Movant to send to any party or parties protected by the stay under the applicable provisions of 11 U.S.C. §362 any and all notice required by State and/or Federal law, regulation or statute;

3. Grant such other and further relief as the Court may deem just and proper.

Dated: September 6, 2022                          Respectfully Submitted,
Bonial & Associates, P.C.

                                                       */s/Austin P. Nagel*
Austin P. Nagel
Attorneys for Movant,
Toyota Motor Credit Corporation