Austin P. Nagel, SBN 118247
Kirsten Martinez, SBN 310674
Bonial & Associates, P.C.
3160 Crow Canyon Place, Suite 215
San Ramon, California 94583
Telephone: (213) 863-6010
Fax: (213) 863-6065
Austin.Nagel@BonialPC.com
Kirsten.Martinez@BonialPC.com

Attorney for Secured Creditor,
Toyota Motor Credit Corporation

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>Robert Mckeague,<br><br>　　　　　　　　Debtor.<br>_____/ | Case No. 21-22987<br><br>Chapter 7<br><br>Docket Control No. APN-1<br><br>**DECLARATION OF ARIANA CANALE IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY RE: 2015 TOYOTA HIGHLANDER, (V.I.N. 5TDBKRFH1FS095372) [11 U.S.C. §362(d)(1), Local Rule 4001-1, Local Rule 9014-1(f)(l)]**<br><br>Date:　October 17, 2022<br>Time:　9:00 a.m.<br>Judge:　Fredrick E. Clement<br>Ctrm:　Courtroom 28, 7th Floor<br>　　　　501 I Street<br>　　　　Sacramento, CA |

I, Ariana Canale, declare as follows:

　　　I am a Supplier Administrator employed by Toyota Motor Credit Corporation (hereinafter referred to as "Movant"), a secured creditor herein. During the course of my employment, my duties include, but are not limited to, monitoring accounts for lapses in payment, lapses in insurance coverage, and handling respective customers' problems with their account.

1　　I am the custodian and/or keeper of the business records referenced herein and, as such, I am

2　qualified to certify the authenticity thereof.  Additionally, I have personal knowledge of the matters

3　stated in this Declaration except as to those stated on information and belief and as to those matters, I

4　believe them to be true and correct.  If called upon as a witness, I could, and would, competently testify

5　to the facts contained herein.

6

7　　After reviewing the books, records and files of the above-referenced matter, I make the following

8　Declaration.

9　　I am informed and believe, and thereon allege, that Debtor, Robert Mckeague, (hereinafter

10　referred to as "Debtor") executed a written contractual agreement on or about January 21, 2017 for the

11

12　purchase of a 2015 TOYOTA HIGHLANDER, (V.I.N. 5TDBKRFH1FS095372 ) (hereinafter referred

13　to as the "the property") which Debtors, Robert  Mckeague have listed in their Chapter 7 Petition and

14　requested discharge therefrom.  True and correct copies of the contractual agreement and the Certificate

15　of Title for the property are filed herewith separately as Exhibits A and B The aforementioned, prevailing

16　Security Agreement was duly assigned by Dunn Company #1, Inc. to Secured Creditor during the normal

17

18　course of business on or about January 21, 2017.

19　　Pursuant to the terms and conditions contained in the parties contractual agreement, the Debtor

20　is obligated to pay Secured Creditor  monthly payments in the sum of $559.27 each, commencing at the

21　inception of the contract.

22　　As of the date hereof, the Debtor is past due for the May 16, 2022 in the amount of $322.19 and

23

24　the June 16, 2002 installments due through and including August 16, 2022 monthly payments at the rate

25　of $559.27 per month and the Debtor will become due for the sum of $559.27 again on September 16,

26　2022.

27　　After reviewing the books and records concerning Debtor's account with Secured Creditor,

28　discovered that it has been unable to verify Debtor's insurance coverage on the property and, based

CAE_DecMfrCP07　　　　　　　　　　　　　　2

Secured Creditor believes that Debtor is operating the property without having any insurance coverage thereon.

If Secured Creditor's information and belief is correct, Debtor has defaulted under the parties' contractual agreement by failing to comply with the applicable provisions of the prevailing contractual agreement, whereunder Debtor agreed to keep the property properly insured at all times and with an insurer and in an amount acceptable to Secured Creditor. Also, under the prevailing contractual agreement, Debtor agreed to make the loss payable clause of any and all such coverage payable to Secured Creditor for as long as Debtor is indebted to it.

Debtor's lack of insurance coverage on the property has not only violated the parties' contractual agreement which has placed Secured Creditor in an unfavorable and questionable position under this bankruptcy proceeding, but Debtor has also violated Section 16451 of the California Vehicle Code as it applies to mandatory insurance coverage, which acts have placed an undue, unnecessary burden on Secured Creditor.

Based upon information derived from the Debtor's schedules, a true and correct photocopy of which is filed separately herewith as Exhibit D and is incorporated herein by reference, the property has a replacement value to the Debtor of $17,094.00.

The Debtor presently has an outstanding balance of $11,735.89 on the subject account.

The value of the property is depreciating and continues to depreciate while the property is not being paid and/or protected. Movant's interest, therefore, is not adequately protected and Movant requests relief from stay.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this __31___ day of __August__ 2022 in Chandler, Arizona.